```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

RICHARD ASADOORIAN,          )
        Plaintiff,           )
                             )
        v.                   ) CIVIL ACTION NO. 11-10963-DJC
                             )
JOSEPH TRAVIS, ET AL.,       )
        Defendants.          )

                    MEMORANDUM AND ORDER

CASPER, D.J.

                         BACKGROUND

On May 31, 2011, plaintiff Richard Asadoorian ("Asadoorian"), a prisoner in custody at MCI Norfolk, in Norfolk, Massachusetts, filed a civil action pursuant to 42 U.S.C. § 1983 against medical and prison personnel.[1] Asadoorian paid the $350.00 filing fee, and summonses issued by the clerk on June 2, 2011.

Along with the Complaint, Asadoorian filed an Affidavit (Docket No. 3), and a Motion for TRO/Preliminary Injunction and Request for Hearing (Docket No. 2). In that motion (which includes an incorporated memorandum of law in support), Asadoorian seeks an immediate hearing to determine whether a temporary restraining order should issue to preclude the defendants from further delaying his serious dental needs.

Asadoorian's Affidavit in support avers that on August 6,

---

[1] Defendants include: 1) Joseph Travis, Dentist for UMass Correctional Health; (2) Maureen Atkins, UMass Health Service Administrator; (3) Dyana Nickl, Grievance and Appeals Coordinator; and (4) Peter J. Heffernan, Deputy Director of HSD.

2010, he filed a medical grievance complaining about the delay in his dental care. He claims that defendant Dr. Travis examined him and advised him that his mouth was infected because of decaying teeth, and that this infection was the cause of Asadoorian's bleeding and mouth pain. At Dr. Travis's suggestion, Asadoorian complained about the medical contractor policy to extract inmates' teeth rather than provide alternate treatment to save the teeth (such as posts and crowns). Defendant Dyana Nickyl, the Grievance Coordinator, denied Asadoorian's request for posts and crowns because these requests were "cosmetic and elective." Affidavit (Docket No. 3 at ¶ 4). Asadoorian's appeal to defendant Deputy Director Peter J. Heffernan was denied on the grounds that medical personnel had determined that his decaying teeth could not be restored, and that post and crowns were not available options; only extraction was recommended.[2]

Asadoorian alleges that as a result of the delay in adequate dental treatment, he has experienced bleeding from his gums, extreme physical pain, and emotional distress. He claims he has not been called back to the dentist to have a filling lost in April 2007 replaced, and now he fears he will lose all of his teeth. He believes he is being denied medical treatment because

---

[2]Asadoorian alleges that he agreed to have his lower back tooth extracted, but five months have passed since he was told he would be scheduled for the extraction.

of the grievances he filed, and the threat of suit.  He has exhausted administrative remedies.

## DISCUSSION

To obtain the extraordinary remedy of preliminary injunctive relief, Asadoorian must show that: (1) he will suffer irreparable harm absent an injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest.  Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Me. 1993)(extending four part preliminary injunction test to temporary restraining orders).  Preliminary injunctions may not be issued without notice to the adverse party.  See Fed. R. Civ. P. 65(a)(1).

The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders.  Levesque v. State of Maine, 587 F.2d 78, 80 (1st Cir. 1976); see Butler v. Maine Sup. Jud. Ct., 758 F. Supp. 37, 38 (D. Me. 1991)(applying criteria).  To warrant the more extraordinary relief of a temporary restraining order, however, Asadoorian must demonstrate that his injury of loss is "immediate and irreparable."  Fed. R. Civ. P. 65(b).

At this juncture, while Asadoorian's dental care allegations

3

are troubling, this Court cannot gauge the likelihood of success on the merits of these claims without considering the defendants' response to the Complaint.  Further, this Court cannot adequately gauge whether the harm to Asadoorian outweighs the harm to the defendants, or whether the relief requested would not adversely effect the public interest in ensuring public funds are not spent on elective care for inmates.[3]

Thus, this Court cannot find, based on this record, that Asadoorian is entitled to temporary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, on an *ex parte* basis. His claims that he is being retaliated against for filing grievances and threatening suit are conclusory in nature and do not provide a basis for injunctive relief at this time.

In short, at this point, the Court views Asadoorian's request for *ex parte* injunctive relief (or an immediate hearing to determine the propriety of injunctive relief) to be premature.[4]  For all of these reasons, this Court will not grant *ex parte* relief in any form.

---

[3]This Court makes no determination whether non-extraction options (such as posts and crowns) are "cosmetic and elective," or are medically essential.

[4]District Court Local Rule 7.1(e) provides that: "If the court concludes that there should be a hearing on a motion, the motion will be set down for hearing at such time as the court determines."  Id.

CONCLUSION

Accordingly, for the reasons stated herein, Asadoorian's Motion for a TRO/Preliminary Injunction and Hearing (Docket No. 2) is <u>DENIED</u> without prejudice to renew his request <u>after</u> the defendants have filed a responsive pleading to the Complaint after service of process has been effected.  At that time, Asadoorian may renew his request, addressing any matters raised by the defendants in their response.

SO ORDERED.

<u>/s/ Denise J. Casper</u>
DENISE J. CASPER
UNITED STATES DISTRICT JUDGE

DATED: June 7, 2011