```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
RICHARD ASADOORIAN,                )
        Plaintiff,                 )
                                   )
        v.                         )   CIVIL ACTION NO. 11-10963-DJC
                                   )
JOSEPH TRAVIS, ET AL.,             )
        Defendants.                )
```

## MEMORANDUM AND ORDER

CASPER, D.J.

On May 31, 2011, plaintiff Richard Asadoorian ("Asadoorian"), a prisoner in custody at MCI Norfolk, filed a civil rights action against medical and prison personnel, alleging deliberate indifference to his serious dental needs.  Asadoorian paid the $350.00 filing fee, and summonses issued on June 2, 2011 as to all Defendants.

On June 7, 2011, this Court issued a Memorandum and Order (Docket No. 6) denying Asadoorian's Motion for a TRO/Preliminary Injunction (Docket No. 2) without prejudice to renew after the Defendants had filed a response to the Complaint.  Thereafter, issues with respect to service of process were raised.  On July 18, 2011, this Court issued the following Electronic Order:

> ELECTRONIC ORDER entered re: Defendant Nickl's Motion to Dismiss (Docket No. 11), Defendants Travis's [true name Travers] and Atkins's Motion to Dismiss (Docket No. 16), both submitted pursuant to Fed. R. Civ. P. 12(b)(5); Defendants' Motion to Waive Local Rule 7.1 (Docket Nos. 12, 13, and 14), Defendants' Motion for Extension of Time to File a Responsive Pleading (Docket No. 15), and Plaintiff's Motion for Entry of Default (Docket No. 18). A review of the proofs of service filed by Plaintiff (Docket Nos. 7-10) indicates that service of process was not effected in accordance with the Federal Rules of

>     Civil Procedure.  See Fed. R. Civ. P. 4(c)(2)(providing
>     that service may be effected by "[a]ny person who at
>     least 18 years of age and not a party may serve a summons
>     and complaint"); Fed. R. Civ. P. 4(e)(1)-(2)(permitting
>     service by following state law for serving a summons...or
>     by delivering a copy of the summons and complaint
>     personally, or by leaving a copy at the individual's
>     dwelling or usual place of abode, with someone of
>     suitable age... or delivering a copy to an authorized
>     agent).  Plaintiff's use of certified mail does not
>     comport with these rules, nor does his mailing to the
>     Defendants' place of business. Notwithstanding that
>     Plaintiff is proceeding pro se, he is responsible for
>     effecting proper service on the Defendants, and failure
>     to do so within the time period prescribed by Rule
>     4(m)(120 days after the complaint is filed or as extended
>     by the court) will result in a dismissal of this action.
>     Since 120 days has not lapsed since the filing of the
>     Complaint, Plaintiff will be afforded additional time to
>     effect service properly. Accordingly, Defendant Nickl's
>     Motion to Dismiss (Docket No. 11) and Defendant Travis's
>     and Atkins's Motion to Dismiss (Docket No. 16) are both
>     DENIED without prejudice to renew after the expiration of
>     the 120-day period if service is not effected in
>     accordance with the service rules.  The Clerk is directed
>     to re-issue summonses to the Plaintiff so he may make
>     further attempts to effect service of process on the
>     Defendants in accordance with the Federal Rules of Civil
>     Procedure. Defendants' Motions to Waive Local Rule 7.1
>     (Docket Nos. 12, 13, and 14) are ALLOWED; Defendants'
>     Motion for Extension of Time to File a Responsive
>     Pleading (Docket No. 15) is DENIED as moot in view of
>     this Electronic Order finding service of process has not
>     been effected properly. Finally, Plaintiff's Motion for
>     Entry of Default (Docket No. 18) is also DENIED in view
>     of the finding that service of process has not been
>     effected properly.

Electronic Order entered July 18, 2011.

Summonses were reissued as to all Defendants on July 18, 2011.

On August 9, 2011, Asadoorian filed a Motion for the Court to Pay Service of Process Fees to Sheriff (Docket No. 20).  As grounds for the motion, Asadoorian alleged it would cost him hundreds of

dollars to pay a sheriff to serve process. He also alleged that he was indigent and it would be a severe hardship upon him to pay the service fees.

Apparently, Asadoorian decided to pay for a process server while his motion for payment was still pending. On September 19, 2011, summonses were returned -- purportedly executed -- as to Defendants Atkins, Nickl, and Travis, as well as to Defendant Heffernan, an employee of the Massachusetts Department of Correction ("DOC"). On September 23, 2011, a Notice of Appearance was filed by DOC counsel, Suzanne Caravaggio, on behalf of Defendant Heffernan, along with a Motion for an extension of time to October 11, 2011 to respond (Docket No. 27), and a Motion to Waive Local Rule 7.1 (Docket No. 28).

On September 26, 2011, Defendants Atkins, Nickl, and Travis filed a Motion to Dismiss Complaint (Docket No. 29). These Defendants renew the earlier Motions to Dismiss (see Docket Nos. 11 and 16) on the ground that Asadoorian has failed to make proper service within the time period permitted by the Federal Rules of Procedure and as set forth in this Court's Electronic Order of July 18, 2011.

As noted above, in the Electronic Order, Asadoorian was put on notice that Rule 4(e)(1)-(2) provides for service of process by personal service or by leaving a copy at the individual's dwelling or usual place of abode. In the renewed Motion to Dismiss,

Defendants Atkins, Nickl, and Travis contend that service of process was defective because the summonses were not served personally, nor were they served at their last and usual place of abode. See Return of Summonses (Docket Nos. 23, 24, and 25). Additionally, Defendants allege that service of process was not made upon an authorized agent(s) who could accept service on their behalf.

## DISCUSSION

I. The Motion to Extend Time to File Response

Defendant Heffernan's Motion to Extend Time to October 11, 2011 to file a Response (Docket No. 27) is ALLOWED.

II. The Motion to Waive Local Rule 7.1

Defendant Heffernan's Motion to Waive Local Rule 7.1 (Docket No. 28) is ALLOWED.

III. The Motion for Court to Pay Service Fees to Sheriff

As an initial matter, Asadoorian paid the filing fee for this action and is not proceeding *in forma pauperis*. Thus, no Order issued directing the United States Marshal Service ("USMS") to effect service or to advance the costs of service.

Although Asadoorian has alleged that it would be a hardship for him to pay for service of process, he failed to provide any credible financial information to support this contention. Thus, he has failed to show sufficient cause for the relief requested.

More importantly, however, Asadoorian has not shown any

4

authority for this Court to issue an Order directing that public funds be used for payment to a private litigant for the purpose of securing a process server. Thus, to the extent Asadoorian seeks payment from the Court for the funds he already paid for service of process, he has failed to show good cause for such relief. Accordingly, his Motion for the Court to Pay Service of Process Fees to Sheriff (Docket No. 20) is <u>DENIED</u>.

The Court notes, however, that should Asadoorian become the prevailing party in this action, he may seek taxation of costs pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d) (providing for, *inter alia*, taxation of costs for service of process).

IV. <u>The Motion to Dismiss the Complaint</u>

This Court agrees with Defendants Atkins, Nickl, and Travis that service of process has not been effected in accordance with the Rules of Procedure. Nevertheless, it appears that Asadoorian, a *pro se* litigant, lacks the necessary information concerning the Defendants' last and usual places of abode. This Court also credits that Asadoorian has made diligent, good faith efforts (albeit unsuccessful) to effect service, bearing the substantial costs of service on his own.

It may be possible that Asadoorian could obtain the necessary service information through further investigation or from formal discovery on the DOC Defendant. If such information, however, is deemed confidential by the DOC, and/or if a prisoner's possession

5

of such information is prohibited by DOC policy, rules or regulations, this Court would consider a duly-filed Motion by Asadoorian for an Order directing the DOC to provide the relevant service information, if known, to the USMS *ex parte* and under seal, so that the USMS may be able to effect service of process on Defendants Atkins, Nickl, and Travis without disclosure to unauthorized persons.[1]

To be clear, it is this Court's intention that Asadoorian be afforded a reasonable further opportunity to effect service of process in accordance with the Federal Rules of Procedure, so that his dental care claims may be addressed by the parties on the merits.

Accordingly, this Court will afford Asadoorian a limited opportunity (*i.e.*, 60 days from the date of this Memorandum and Order) to: (1) conduct discovery on the DOC Defendant with respect to issues related to service of process; (2) pursue his own investigation to determine how the Defendants may be served properly; (3) seek a waiver of service from Defendants' counsel; or (4) seek other appropriate relief from this Court.

---

[1] Notwithstanding that service of process by the USMS could be ordered by this Court so that the confidential service information was disclosed only to that agency and not to Asadoorian himself, Asadoorian still would be responsible for paying the service fees of the USMS unless he filed a Motion for an Order for the USMS to advance the costs of service, accompanied by a financial affidavit and his certified prison account statement, demonstrating that he lacks sufficient funds to pay for service of process.

Further, this Court has considered whether to appoint *pro bono* counsel in this action to assist in resolving the service issues. Although this Court will not appoint *pro bono* counsel for Asadoorian at this time (because the merits of his claims cannot be gauged adequately without a response from the Defendants), this Court nevertheless will consider -- as a last resort measure to resolve the service issues -- the appointment of *pro bono* counsel <u>solely</u> for the purpose of arranging for service of process on the Defendants.[2]

Accordingly, the Defendants' Motion to Dismiss Complaint (Docket No. 29) is <u>DENIED</u> without prejudice to renew if Asadoorian fails to take action within the 60-day period.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for the Court to Pay Service of Process Fees to Sheriff (Docket No. 20) is <u>DENIED</u>;

2. Defendant Heffernan's Motion to Extend Time to October 11, 2011 to file a Response (Docket No. 27) is <u>ALLOWED</u>;

3. Defendant Heffernan's Motion to Waive Local Rule 7.1 (Docket No. 28) is <u>ALLOWED</u>;

4. The Defendants' Motion to Dismiss Complaint (Docket No. 29) is <u>DENIED</u> without prejudice; and

---

[2]To preserve scarce *pro bono* resources, this Court will require Asadoorian to make further efforts on his own to obtain service information or to seek a waiver of service from defense counsel. Should he be unable to do so after diligent efforts, he may file a Motion for Appointment of *Pro Bono* counsel to assist in service of process.

5.  Plaintiff shall have 60 days from the date of this Memorandum and Order to conduct further investigation or limited discovery with respect to the proper service of process issues on Defendants Atkins, Nickl, and Travis, or to seek a waiver of service from defense counsel, or to seek other appropriate relief from this Court.  Failure of Plaintiff to take action in this regard may result in a dismissal of claims against Defendants Atkins, Nickl, and Travis.

SO ORDERED.

                                          <u>/s/ Denise J. Casper</u>
                                          DENISE J. CASPER
                                          UNITED STATES DISTRICT JUDGE

DATED:   October 3, 2011